NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

WADE BALDWIN

    Plaintiff,

v.

TOWNSHIP OF UNION, TOWNSHIP OF UNION
POLICE OFFICERS DANIEL MITCHELL,
THOMAS VILLANO, SYLVIA DEMENNA,
BOLL, MARK BRUNO, EDWARD NEVAREZ,
PUGLIESE and U.S. DEA INSPECTOR
TAMEZ,

    Defendants.

Civ. No. 02-1822 (WGB)


O P I N I O N

---

APPEARANCES

Dwayne D. Warren, Esq.
Warren & Tosi, PC
125 Paterson Avenue
Little Falls, New Jersey 07424

    Attorney for Plaintiff


Judson B. Barrett, Esq.
Barrett and Pavluk, LLC
Ocean Park Professional Building
1602 Lawrence Avenue, Suite 108
Ocean, New Jersey 07712-2006

    Attorney for Defendants

**BASSLER, SENIOR DISTRICT JUDGE:**

Defendants file this motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.[1]  For the reasons set forth in this Opinion, Defendants' motion is **granted.**

I.    BACKGROUND

The allegations in this matter originate from a shooting which took place on April 18, 1998, in front of a bar called "Hawks" in Union Township, New Jersey.  After the shooting, Wade Baldwin ("Plaintiff"), a Drug Enforcement Agency ("DEA") employee, pursued an automobile which contained the individuals he believed shot at him.  Upon returning to the scene of the shooting, Baldwin encountered a police officer.  The Union Township Police Department began an investigation of the incident.  Both Baldwin and a captain of the police department reported the incident to the DEA office in Newark.  The DEA then began an official investigation of the incident.  A variety of charges were brought against Baldwin and a Deciding Official reached a decision to terminate Baldwin from his position.  In October of 1998, Baldwin was terminated from the DEA with a right of appeal.  In August of 1999, Baldwin was reinstated to the DEA with full pay.

---

[1]Although filed as a motion for summary judgment, this motion is more appropriately considered as a motion to dismiss as conceded by the parties at the hearing of November 9, 2005.

A.    <u>Procedural Posture</u>

Having held argument on November 9, 2005, this Court granted Defendants' motion to dismiss as to Counts 6 and 8 of the Complaint.[2]  This Court reserved judgment on Defendants' motion to dismiss for failure to state a claim under the RICO Act as to Count 1.  This Court also reserved judgment on Defendants' statute of limitations argument as to Count 2, Baldwin's § 1981 claim.  This Court denied the remainder of Defendants' motions. <u>Id.</u>

II.  <u>DISCUSSION</u>

A.    <u>Standard for 12(b)(6) Motion to Dismiss</u>

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for a dismissal based upon the pleader's "failure to state a claim upon which relief can be granted."  District courts generally disfavor Rule 12(b)(6) motions, however, because the long-established federal policy of civil litigation is to decide cases on the proofs.  <u>Melo-Sonics Corp. v. Cropp</u>, 342 F.2d 856 (3d Cir. 1965); <u>Panek v. Bogucz</u>, 718 F. Supp. 1228, 1229 (D.N.J. 1989).  Concerning the level of specificity required in the pleading, "[a]ll the rules require is a short and plain statement of the claim that gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests."  <u>Conley</u>

_____

[2]<u>Baldwin v. Township of Union</u>, No. 02-cv-1822 (D.N.J. Nov. 10, 2005)(order granting in part and denying in part Def.'s Mot. for Summ. J.).

-3-

<u>v. Gibson</u>, 355 U.S. 41, 47 (1957).

In deciding a motion to dismiss for failure to state a claim, all allegations in the pleadings must be accepted as true and the plaintiff must be given the benefit of every favorable inference that can be drawn from those allegations. <u>See Conley</u>, 355 U.S. at 48; <u>Wisniewski v. Johns-Manville Corp.</u>, 812 F.2d 81, 83 n.1 (3d Cir. 1987); <u>Markowitz v. N.E. Land Co.</u>, 906 F.2d 100, 103 (3d Cir. 1990). A 12(b)(6) motion should only be granted if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984). Moreover, Rule 12(b)(6) does not permit "dismissal based on a judge's disbelief of a complaint's factual allegations." <u>Nietzke v. Williams</u>, 490 U.S. 319, 326-27 (1989). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>Scheur v. Rhodes</u>, 416 U.S. 232, 236 (1974).

    B.   <u>Defendant's Motion to Dismiss Counts 2 and 8 for Failure to Comply with the Applicable Statute of Limitations[3]</u>

In Count 2 of the Complaint, Baldwin alleges that Defendants violated his rights as secured under 42 U.S.C. § 1981 (discrimination after the formation of a contract including

---

[3]Initially, the Court notes that Count 8 of the complaint has previously been dismissed by the Order dated November 10, 2005.

interference with an employment contract).  Complaint ¶ 11.

Defendants claim that Count 2 of the Complaint is time barred.  Defendants claim that Officers Mitchell, Villano, DeMenna, Boll, Bruno, Nevarez and Publiese fall within the scope of the New Jersey Tort Claims Act and therefore a two-year statute of limitations should be applicable to them as well as the Township of Union.  N.J.S.A. 59:8-3 imposes a two-year statute of limitations for cases brought against public entities and their employees.  Defendants claim that because the officers fall under the Tort Claims Act, the two year statute of limitations should apply to them.

However, Baldwin contends that this claim is not time barred because the applicable statute of limitations for § 1981 claims is four years.  Baldwin states that, "[a]ccording to 28 U.S.C. § 1658, and Chugh v. Western Inventory Services, Inc., the statute of limitations for § 1981 claims is four years... because they are civil actions arising under an Act of Congress enacted after December 1, 1990."  (Ptf.'s Memo. in Opp'n. to Def.'s Mot. for Summ. J. at 7-8)(internal citations omitted).

Section 1658 was enacted to provide a federal "catch-all" statute of limitations for actions arising under federal law after December 1, 1990.  Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 124 S.Ct. 1836, 158 L. Ed.2d 645 (2004); Chugh v. Western Inventory Services, Inc., 333 F.Supp.2d 285 (D.N.J.

-5-

2004).  This limitations statute provides in pertinent part:

> Except as provided by law, a civil action
> arising under an Act of Congress enacted after
> [December 1, 1990] may not be commenced later
> than 4 years after the cause of action
> accrues.

28 U.S.C. § 1658.

The original version of the statute now codified at 42 U.S.C. § 1981, was enacted as § 1 of the Civil Rights Act of 1866.  Its basic coverage did not change prior to 1991.[4]  In Patterson v. McLean Credit Union, the Supreme Court of the United States held that the statutory right "to make and enforce contracts" did not protect against harassing conduct that occurred after the formation of the contract.  491 U.S. 164, 109 S.Ct. 2363, 105 L. Ed.2d 132 (1989).  In 1991, however, Congress responded to Patterson by adding a new subsection to § 1981 that defines the term "make and enforce contracts" to include the "termination of contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.  42 U.S.C. § 1981(b).

In Jones v. R.R. Donnelley & Sons Co., the Supreme Court of the United States considered a 42 U.S.C. § 1981 claim.  541 U.S. 369.  Upon motion for summary judgment, the respondent alleged that the petitioner's claims were barred by the applicable

---

[4]On November 21, 1991, Congress enacted the Civil Rights Act of 1991.

Illinois two-year statute of limitations for personal injury.
Id.  In response, the petitioners pointed out that § 1658
provides a four-year statute of limitations.   Id.  The Jones
Court first noted that § 1658 only applies to federal causes of
action enacted after December 1, 1990.   The Court specified that
only if the claim falls under the post-1990 42 U.S.C. §
1981(b)(compared to 42 U.S.C. § 1981(a) which was enacted prior
to Dec. 1, 1990) would the four-year § 1658 limitations period
apply.   Accordingly, in this case it is necessary to determine
which provision Baldwin's action falls under.

       In finding that the plaintiff's claim fell under § 1981(b),
the Jones Court relied on Patterson v. McLean Credit Union, which
found that the petitioner's case fell under § 1981(b) and not §
1981(a).   Patterson clarified that the post-1990 § 1981(b)
amendments were deemed necessary only because the pre-existing §
1981(a) statutory right to make and enforce contracts did not
protect against conduct that occurred after the formation of the
contract.   See Jones, 124 S.Ct. 1836 (noting that § 1981(b)
includes the making, performance, modification, and termination
of contracts, and the enjoyment of all benefits, privileges,
terms and conditions of the contractual relationship).
Accordingly, an action claiming injury that arises after the
formation of the employment agreement falls within the purview of
§ 1981(b) and not § 1981(a).

-7-

In this action, Baldwin's claim falls under § 1981(b)
because it arises of out of conduct occurring after the formation
of the employment relationship.  Baldwin alleges that the conduct
of the Defendants interfered with his preexisting employment
agreement with the DEA.  The alleged conduct and resulting injury
clearly occurred after the formation of Baldwin's contractual
agreement.  Accordingly, Baldwin's claim is made pursuant to §
1981(b) and consistent with <u>Jones</u> and <u>Chugh</u>, is limited by the
four-year limitations period of § 1658.

Baldwin complains of tortious interference with his
employment on April 18, 1998, causing injury, and filed his
complaint with this Court on April 18, 2002.  Four years have
passed since the alleged injury and the filing of this suit.
Accordingly, the Court holds that based on the § 1658 four-year
statute of limitations, Baldwin's § 1981(b) claim is timely-filed
and Defendant's statute of limitations argument is rejected.

C.   <u>Baldwin Fails to Allege a Cognizable Claim Under § 1981</u>

To establish a cognizable claim under § 1981, a plaintiff
must allege (1) that plaintiff is a member of a racial minority;
(2) intent to discriminate on the basis of race by defendant; and
(3) the discrimination concerned one or more of the activities
enumerated in § 1981, including the right to make and enforce
contracts.  <u>Brown v. Philip Morris Inc.</u>, 250 F.3d 789, 797 (3d
Cir. 2001); 18 U.S.C. § 1981.  Baldwin's allegations are

-8-

insufficient to establish a reasonable inference of race-based interference on the part of the Defendants.  Because Baldwin fails to allege facts showing an intent to discriminate, the Court will dismiss Baldwin's § 1981 claim.

In deciding a motion to dismiss for failure to state a claim, this Court will accept all allegations in the pleadings as true and the plaintiff must be given the benefit of every favorable inference that can be drawn from those allegations.  See Conley, 355 U.S. at 48.  Baldwin alleges that "Defendants treatment of [Baldwin] deprived him of the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."  Complaint ¶ 11.  Applying the standard set forth above, this Court reasonably infers that Baldwin is a member of a racial minority as is required by the first element of § 1981.

Baldwin has also satisfied the third element of of § 1981.  Section 1981 specifically enumerates the right to make and enforce contracts as an interest protected by the statute.  18 U.S.C. § 1981.  Baldwin adequately asserts in Count 1 of the Complaint that Defendants interfered with his employment relationship with the DEA.  Complaint ¶ 9.  Therefore, this Court is left to determine whether the Complaint includes sufficient allegations to support Baldwin's claim of racially motivated discrimination.

-9-

The Court concludes that this Complaint is completely devoid of any allegations that Defendants discriminated against Baldwin on the basis of race.  This Court discerns nothing in the Complaint to allow it to find that Baldwin has sufficiently alleged intentional discrimination and this deficiency merits dismissal of this § 1981 claim.

D.   Defendants' Motion to Dismiss Count 1 for
     Failure to State a Claim Under the RICO Act

Baldwin alleges in Count 1 of his Complaint that each defendant directly or indirectly participated in a pattern of racketeering activity in violation of 18 U.S.C. §§ 1962(c) and (d).  Baldwin alleged five predicate acts of racketeering activity which form a pattern of racketeering activity.  These five acts include (a) obstruction of justice in the form of false swearing and misrepresenting the truth in an official document (police report and sworn administrative reports); (b) intentional and malicious failure to conduct a proper investigation; (c) conspiracy by encouraging law enforcement officers to utter falsehoods in an official document; (d) destruction of evidence and subornation of perjury; and (e) engaging in interstate or foreign travel in aid of racketeering activities.

Defendant seeks to dismiss this count of the Complaint pursuant to Fed. R. Civ. P 12(b)(6)(failure to state a claim upon which relief can be granted).  This Court finds that Baldwin has not sufficiently set forth factual allegations in his complaint

-10-

that could entitle him to relief under 18 U.S.C. §§ 1964(c) and
(d) because Baldwin has failed to satisfy the "continuity
requirement" of the civil RICO statute.

Section 1962(c) provides that:

> It shall be unlawful for any person employed
> by or associated with any enterprise engaged
> in, or the activities of which affect,
> interstate or foreign commerce, to conduct or
> participate, directly or indirectly, in the
> conduct of such enterprise's affairs through a
> pattern of racketeering activity or collection
> of unlawful debt.

Baldwin first alleges that the Defendant Township of Union
and the Police Officer defendants constitute an enterprise
engaged in interstate commerce and carrying on activities that
affect interstate commerce.  Complaint ¶¶ 5, 6.  Baldwin alleges
that such activities include investigation of persons,
automobiles and incidents that have moved in interstate commerce.

Baldwin next alleges that each defendant participated
directly or indirectly in the conduct of the enterprises' affairs
through a pattern of racketeering activity.  Complaint ¶ 7.
Baldwin supports his position by alleging five specific predicate
acts of racketeering in an attempt to satisfy this element of the
statute.  Supra, at 10.  Baldwin alleges that these acts form a
pattern of racketeering activity.  Complaint ¶ 8.  Baldwin
alleges that he suffered injury in his business and property
because he has been required to incur significant costs and
expenses attributable to Defendants' interference with Baldwin's

-11-

employment, in violation of §§ 1962(c) and (d), and that 18 U.S.C. § 1964(c) provides for a civil right of action.   Complaint ¶ 9.

However, even if Baldwin can prove all of these alleged facts, he will not be entitled to relief under 18 U.S.C. § 1964(c) because he is unable to establish a "pattern" of racketeering activity and therefore dismissal pursuant to Rule 12(b)(6) is appropriate.   See H.J. Inc. V. Northwestern Bell Tel. Co., 492 U.S. 229, 232 (1989); Conley v. Gibson, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 12(b)(6).

     E.    Baldwin has Failed to Satisfy the "Continuity Requirement" of the civil RICO statute

In order to establish a "pattern" of racketeering activity, a plaintiff must show that the defendant engaged in at least two predicate acts within a ten-year period.   Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1411-12 (3d Cir. 1990).   Here, Baldwin alleges in the Complaint at least five predicate acts. (Complaint ¶ 7(a)-(e)).

In addition to pleading the requisite number of predicate acts, however, a plaintiff must also demonstrate that the "racketeering acts are related, *and* that they amount to or pose a threat of continued criminal activity."   H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 232 (1989).

Predicate acts are related if they "have the same or similar

-12-

purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." <u>Tabas</u>, 47 F.3d at 1292.  In the Third Circuit, courts liberally construe this standard.  <u>See</u> <u>e.g.</u> <u>Banks v. Wolk</u>, 918 F.2d 418 (3d Cir. 1990) (finding the predicate acts were related even where four of five predicate acts did not involve precisely the same parties). Baldwin easily satisfies the relatedness requirement because all of the alleged acts were directed at Baldwin and were related in that the acts all occurred in conjunction with the investigations following the shooting incident.

Despite easily satisfying the relatedness requirement, Baldwin fails to satisfy the continuity requirement.  In <u>H.J. Inc.</u>, the Supreme Court described the "continuity" requirement as "centrally a temporal concept."  492 U.S. 229, 242.  In the Third Circuit, duration is the "<u>sine qua non</u> of continuity." <u>Hindes v. Castle</u>, 937 F.2d 868, 873 (3d Cir. 1991).

A plaintiff can meet this requirement by showing either "closed-ended continuity" or "open-ended continuity." <u>See</u> <u>H.J. Inc.</u> at 241.  Closed-ended continuity refers "to a closed period of repeated conduct." <u>Id.</u>  Open-ended continuity refers to "past conduct that by its nature projects into the future with a threat of repetition." <u>Id.</u>

Baldwin here cannot meet closed-ended continuity.  A party

-13-

may satisfy closed-ended continuity by demonstrating "a series of related predicates extending over a substantial period of time." H.J. Inc., 492 U.S. at 242.  "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct." Id.  In the Third Circuit, predicate acts spanning less than one year do not as a matter of law constitute a "substantial period of time" as required by H.J. Inc.  See Hughes v. Consol-Pennsylvania Coal Co., 945 F.2d 594, 611 (3d Cir. 1991); see also Hindes v. Castle, 937 F.2d 868, 875 (3d Cir. 1991) (eight month period of predicate acts without a threat of future criminal conduct does not satisfy continuity requirement).  Taking the facts alleged by Baldwin to be true, the predicate acts occurred over a short period of no more than six months.  The investigation and alleged predicate acts commenced with the shooting incident in April of 1998, and Baldwin was terminated from his position by October of 1998.

Because the acts occurred over such a short period, Plaintiff cannot show closed-ended continuity as a matter of law.

Nonetheless, a plaintiff may also satisfy this requirement through open-ended continuity by demonstrating a "threat of continued racketeering activity." H.J. Inc., 492 U.S. at 242.  There are several ways to establish a threat of continued racketeering activity.  For example, a plaintiff meets this

requirement where the "the racketeering acts themselves include a specific threat of repetition extending indefinitely into the future." Id. at 242-43.  Alternatively, there may be a threat of continuity where the "predicate acts or offenses are part of an ongoing entity's regular way of doing business." Id.  In addition, a plaintiff may plead a threat of continuity where the predicate acts can be attributed to "a defendant operating as part of a long-term association that exists for criminal purposes." Id.

Courts often hold that a single scheme involving a single injury to a single victim within a short period of time falls outside of RICO due to lack of continuity, even though all aspects are entirely related.  See, e.g., Hughes, 945 F.2d at 610 (predicate acts against single victim lasting ten months did not constitute open-ended continuity); Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1413 (3d Cir. 1991) ("[A]lthough a single fraudulent scheme can give rise to RICO liability, when that scheme is short-lived and directed at a limited number of people, this court has required some further indication that the defendant's fraudulent activities are likely to continue."). Further, there is no threat of continuing misconduct where predicate acts focus on a clearly defined, discrete, and finite goal.  See, e.g., Vicom, Inc. v. Harbridge Merchant Servs., 20 F.3d 771, 782 (7th Cir. 1994) ("In assessing whether a threat of

continued racketeering activity exists, we have made clear that schemes which have a clear and terminable goal have a natural ending point.  Such schemes therefore cannot support a finding of any specific threat of continuity that would constitute open-ended continuity."); <u>Phelps v. Wichita Eagle-Beacon</u>, 886 F.2d 1262, 1273-74 (10th Cir. 1989) ("At most, plaintiff has alleged a scheme to accomplish 'one discrete goal,' which he alleges was accomplished. That is insufficient to state a claim for relief under RICO.").

In this case, all of the predicate acts related to Baldwin's termination from the DEA.  According to Baldwin, Defendants predicate acts were related in their common objective of misrepresenting Baldwin's conduct to his employer.  Therefore, the Court can only conclude that the acts focused on a clearly defined and discrete goal: to negatively affect Baldwin's relationship with his employer, the DEA.  The acts ceased once Baldwin was in fact terminated- only six months after they began. Once Baldwin was terminated from his position, there is no specific threat of repetition of the predicate acts.  Under no reading of the facts can Baldwin demonstrate open-ended continuity.

Because Baldwin cannot show continuity of the predicate acts, a pattern of racketeering activity does not exist. Therefore, Baldwin cannot establish a prohibited activity under

18 U.S.C. § 1962.  As a matter of law Baldwin's Federal RICO claim against Defendants must fail.

     F.  <u>Baldwin's Remaining State Law Claims</u>

     The remaining counts of Baldwin's Complaint set forth state law claims including Defendant's tortious interference with Baldwin's employment as well as Defendant's violation of the New Jersey Racketeer and Corrupt Organizations Act, <u>N.J.S.A.</u> 2C:41-2. Because Baldwin's federal claims are being dismissed at this point, this Court will decline to exercise its supplemental jurisdiction over the remaining state law claims against the Defendants.  28 U.S.C. § 1367(c)(3).

     The Court of Appeals for the Third Circuit has stated that when determining whether to exercise supplemental jurisdiction, "the district court should take into account generally accepted principles of judicial economy, convenience, and fairness to the litigants." <u>Growth Horizons, Inc. v. Delaware County, PA</u>, 983 F.2d 1277, 1284 (3d Cir. 1993)(quoting <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1966)).  A federal court should avoid needless decisions of state law both as a matter of comity and to promote justice between the parties.  If the federal claims are dismissed prior to trial, even though not insubstantial in a jurisdictional sense, the non-federal claims should be likewise dismissed.  <u>Borough of West Mifflin v. Lancaster</u>, 45 F.3d 780, 788 (3d Cir. 1995)(citing <u>United Mine</u>

Workers, 383 U.S. at 726-27).

Because the Court is dismissing the federal claims at this stage, the Court finds no overarching interest of judicial economy or convenience in preserving state claims against Defendants.  Nor is there any apparent unfairness in dismissal, without prejudice, of the non-federal claims against Defendants. The Court, in the exercise of its discretion under 28 U.S.C. § 1367(c)(3), will accordingly "decline to exercise supplemental jurisdiction" over Baldwin's remaining claims against the Defendants because the Court has dismissed all claims over which it had original jurisdiction.

The claims against Defendants in Counts Three, Four, Five and Seven are therefore dismissed for lack of supplemental jurisdiction.

IV.   CONCLUSION

For the foregoing reasons, this Court **grants** Defendants' motions to dismiss Counts 1 and 2 and Plaintiff's Counts 3, 4, 5 and 7 are **dismissed without prejudice**.


                              /S/ WILLIAM G. BASSLER
                              WILLIAM G. BASSLER, U.S.S.D.J.

Dated: 23 December 2005


                              -18-